

FILED & JUDGMENT ENTERED
David E. Weich

May 17 2006

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
J. Craig Whitley
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Charlotte Division

IN RE:                              )    Case No. 06-30452
                                    )    Chapter 7
STEPHEN ZACHARY BAXTER,             )
                                    )
                                    )
             Debtor.                )
_____)

### ORDER DENYING MOTION TO RECONSIDER ORDER DISMISSING CASE

This matter is before the Court on the Debtor's Motion to Reconsider the Court's Order of Dismissal entered April 24, 2006. A hearing on the motion was held April 27, 2006, at which, Debtor's counsel was afforded ten days to submit authorities supporting his motion.

NOW HAVING considered the Debtor's motion, and after a review of applicable law, the undersigned concludes that the Motion to Reconsider must be **DENIED.**

#### FINDINGS OF FACT/PRIOR PROCEEDINGS

Stephen Baxter filed a voluntary Chapter 7 case on March 29, 2006. His petition included most of the schedules required

1

by 11 U.S.C. § 521. However, the filing did not include a credit briefing certificate as required by Section 521 and 11 U.S.C. § 109(h) nor did it contain a request for an extension or exemption to filing the certificate under 11 U.S.C. §§ 109(h)(3-4). For these reasons, the Clerk of Court issued and served a Notice of Defective Filing on March 30, 2006. Receiving no response from the Debtor, on April 24, 2006 the case was dismissed.

The dismissal order energized the debtor, who filed the current motion the next day April 25, acknowledging that he did not obtain a credit briefing prior to bankruptcy. The Debtor in the current motion asks that his case be reinstated and that he be afforded a reasonable time in which to obtain a credit briefing. On April 25, the debtor did in fact complete the credit briefing and filed a briefing certificate.

**LEGAL CONCLUSIONS**

Under the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"), effective October 17, 2005, an individual wishing to file bankruptcy must obtain a briefing from an approved credit counseling agency during the 180-day period preceding his bankruptcy filing. 11 U.S.C. § 109(h)(1). The briefing is intended to advise the individual about alternative credit counseling opportunities and to help him prepare a repayment budget. 11 U.S.C. § 109(h)(1). New Code

2

Section 109(h) makes this credit briefing a prerequisite to an individual filing a voluntary bankruptcy case.

To demonstrate that he has timely obtained the briefing, a petitioner must obtain a certificate from the counseling agency describing the services provided to him and a copy of any debt repayment plan developed. 11 U.S.C. § 521(b). A copy of this certificate (and any plan) must be filed with the court as a part of the petition. 11 U.S.C. §109(h); Fed. R. Bankr. P. (Interim Rule) 1007(b)(3)[1]. Unlike many bankruptcy schedules (for which the Rules allow the debtor a fifteen day filing period), the Interim Rules require this briefing certificate be filed with the bankruptcy petition. Interim Rule 1007(c); *Accord, In re Rodriguez*, 336 B.R. 462, 467 n.9 (Bankr. D.Idaho 2005).

There are few exemptions to the prebankruptcy briefing requirement. One is where the briefing services are simply not available to the petitioner. 11 U.S.C. §109(h)(2)(A). If the United States Trustee (in North Carolina, the Bankruptcy Administrator) has determined that the necessary counseling services are not available in the debtor's judicial district, the briefing may be excused.

A second exemption to the requirement arises where the petitioner is unable to obtain a briefing due to incapacity, disability or because he is on active military duty. Then, after

---

[1] The Interim Rules were adopted by this Court by an Administrative Order dated September 22, 2005.

notice and hearing, the bankruptcy court may permanently exempt the individual from the briefing requirement. 11 U.S.C. § 109(h)(4).

A third exemption arises where the petitioner requests credit briefing services from an approved agency prior to filing but is unable to obtain them within five (5) days of the request and asks the Court for an extension. The petitioner in his request to the Court for additional time must demonstrate exigent circumstances meriting a temporary exemption (30 days, extendable up to 45 days). 11 U.S.C. § 109(h)(3).

For all exemptions, both temporary under Section 109(h)(3) and permanent under Section 109(h)(4), the request must be filed with the bankruptcy petition. 11 U.S.C. §109(h); Interim Rule 1007(c).

None of these exemptions apply in the current case. There are several approved nonprofit counseling services in the Western District of North Carolina, so Section 109(h)(2) is inapplicable. The Petitioner has not suggested that he qualifies for a permanent exemption, as such, Section 109(h)(4) is also inapplicable.

It would appear the Debtor is arguing for a temporary exemption of the briefing requirement under Section 109(h)(3) but is seeking it after the fact.

We will ignore for the moment, the fact that since this case has been dismissed cause must be shown to reconsider the order. Fed. R. Bankr. P. 9024; Fed. R. Bankr. P. 60. This motion has some surface appeal in that it comes within 30 days of the original filing date (the time range of a temporary exemption), the Debtor has now obtained the necessary briefing, and he otherwise appears eligible for bankruptcy relief.  However, even considering these appealing circumstances, the Court is not at liberty to grant the motion because (1) the Debtor did not seek the briefing before bankruptcy and (2) he did not file a briefing certificate or a request for extension with his petition.

Under the clear wording of the statute and rules, a petitioner who has neither filed a briefing certificate nor sought a temporary or permanent exemption from the credit briefing requirement at the time of filing is simply not eligible to be a debtor. 11 U.S.C. § 109(h); Interim Rule 1007(c).

The implicit argument in this Petitioner's motion is the assertion, "Well, I didn't get it ahead of time, but I have now obtained the briefing and that is substantial compliance with the statute."

This Court cannot agree with this assertion, as the statute does not contemplate an after the fact compliance. Rather, the

5

briefing requirement reflects the considered intention of Congress that bankruptcy be a last, and not a first, resort by individuals experiencing financial duress. As one court has described it:

> By virtue of its passage of the 2005 Act, Congress made its general policy choice known in that debtors are now expected to be proactive. Congress has determined that bankruptcy should not be the first place where an individual consumer debtor turns for help. See H.R.Rep. No. 109-31, pt.1, at 4 (2005), *reprinted in* 2005 U.S.C.C.A.N. 88, 90-91 ("there is a growing perception that bankruptcy relief may be too readily available and is sometimes used as a first resort, rather than a last resort"). The effect of this legislation is that bankruptcy is a remedy of last resort for the honest but unfortunate debtor. *Id*. The new provisions to the Bankruptcy Code are thus intended to force individuals to obtain education and counseling regarding both the economic consequences of filing for bankruptcy and the non-bankruptcy alternatives available to the debtor to rebuild his or her financial health. *See also* H.R. Rep. 109-31, pt. 1 at 2, *reprinted in* 2005 U.S.C.C.A.N. 88, 89 ("[the bill] requires debtors to receive credit counseling before they can be eligible for bankruptcy relief so that they will make an informed choice about bankruptcy, its alternatives, and consequences").

*In re Tomco*, 339 B.R. 145, 152 (Bankr. W.D. Pa. 2006).

Because the design of Congress is to have individuals consider other alternatives before filing bankruptcy, obtaining the briefing after bankruptcy is not equivalent to obtaining it beforehand. Accordingly, the courts considering this question have uniformly found the debtor to be ineligible for relief. *In re Seaman*, No. 05-40032-ESS, 2006 WL 988271 (Bankr. E.D.N.Y. Mar. 30, 2006); *In re Taylor*, No. 05-35381DM, slip op. (Bankr.

6

N.D. Cal. Mar. 9, 2006); *In re Tomco*, 339 B.R. 145, 2006 WL 459347 (Bankr. W.D. Pa. Feb. 27, 2006); *In re Ross*, 338 B.R. 134 (Bankr. N.D. Ga. 2006); *In re Hubbard*, 33 B.R. 377 (Bankr. S.D. Tex. 2005); *In re Rios*, 336 B.R. 177 (Bankr. S.D.N.Y. 2005); *In re Valdez*, 335 B.R. 801 (Bankr. S.D. Fla. 2005).

In sum, this Petitioner's case is subject to termination for two reasons: 1) a petitioner who has not received a credit briefing within 180 days prior to filing "may not be a debtor" under 11 U.S.C. §109(h) and 2) failure to file the certificate or the exemption request at filing is cause for dismissal. 11 U.S.C. §§ 521(b) & 707(a).  The question then becomes whether the case is to be stricken or dismissed?

While the bankruptcy courts uniformly agree that absent compliance with Section 109(h), an individual may not maintain a bankruptcy case, they disagree as to whether such a filing is to be stricken or instead should simply be dismissed. Some courts maintain that compliance with Section 109(h) is jurisdictional and a filing by a debtor who does not qualify is a nullity. *In re Hubbard*, 33 B.R. 377 (Bankr. S.D. Tex. 2005); *In re Rios*, 336 B.R. 177 (Bankr. S.D.N.Y. 2005). Other courts disagree, arguing that it is the petition that invokes the bankruptcy court's jurisdiction, not the debtor's characteristics. These courts find a simple dismissal sufficient. *In re Seaman*, No. 05-40032-ESS, 2006 WL 988271 (Bankr. E.D.N.Y. Mar. 30, 2006); *In re*

7

*Taylor*, No. 05-35381DM, slip op. (Bankr. N.D. Cal. Mar. 9, 2006); *In re Tomco*, 339 B.R. 145, 2006 WL 459347 (Bankr. W.D. Pa. Feb. 27, 2006); *In re Ross*, 338 B.R. 134 (Bankr. N.D. Ga. 2006). A thorough review of this topic is found at: *In re Seaman*, No. 05-40032-ESS, 2006 WL 988271 (Bankr. E.D.N.Y. Mar. 30, 2006).

This Court agrees with the courts, like *Ross*, holding that a Section 109(h) impediment is not jurisdictional and the case may simply be dismissed, rather than stricken. Clearly, Congress in adopting BAPCPA sought to discourage abuse of the bankruptcy system by serial filings. *In re Seaman*, No. 05-40032-ESS, 2006 WL 988271 (Bankr. E.D.N.Y. Mar. 30, 2006). The Court concurs with Judge Stong, dismissing an ineligible debtor's petition, by triggering other BAPCPA provisions (such as the 30 day terminable automatic stay) best accomplishes this goal.

Dismissal also comports with longstanding practice in this District under other Section 109 subparts. For example a debtor with too much debt may not be a debtor under Section 109(e); however, he may have a viable case under Chapter 11 or even Chapter 7.  The practice in this District has been to convert such cases, not to strike them.  Such rulings implicitly acknowledge that such filings are not nullities.

For the reasons stated, the Petitioner is ineligible to be a debtor.

                    Document      Page 9 of 9

So **ORDERED.**

| | |
|---|---|
| **This Order has been signed electronically.  The judge's signature and court's seal appear at the top of the Order.** | **United States Bankruptcy Court** |